**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 20 2011



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOTTA BOWMAN,

Plaintiff - Appellant,

v.

HONEYWELL INTERNATIONAL, INC.,

Defendant - Appellee.

No. 10-16387

D.C. No. 2:08-cv-01882-SRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted June 14, 2011
San Francisco, California

Before: SCHROEDER and BEA, Circuit Judges, and ANELLO, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Michael M. Anello, District Judge for the U.S. District Court for Southern California, San Diego, sitting by designation.

Petitioner Carlotta Bowman appeals the district court's grant of summary judgment to defendant Honeywell, Inc., on Bowman's Arizona state law claims[1] that 1) Honeywell negligently misrepresented the terms of an employment contract to Bowman; and 2) Bowman relied on Honeywell's promises of employment to her detriment, and is thus entitled to reliance damage under a promissory estoppel theory of liability. We have jurisdiction under 28 U.S.C. § 1291. We affirm.[2]

Under Arizona law, the tort of negligent misrepresentation requires a plaintiff to prove the defendant misrepresented present facts. *See McAlister v. Citibank*, 829 P.2d 1253, 1261 (Ariz. Ct. App. 1992). A negligent misrepresentation claim cannot be based upon a promise of future conduct. *Id.* Here, even if Honeywell misrepresented to Bowman—prior to December 10, 2007—that Bowman *would* start work at Honeywell on December 10, 2007 if she passed her background check, this purported misrepresentation would have dealt with a promise to hire Honeywell *in the future*. No reasonable juror could find that the promises made to Bowman dealt with anything other than her future

---

[1] Bowman is an Arizona resident; Honeywell is a New Jersey corporation with its principal place of business in New Jersey. Bowman filed suit in Arizona state court; Honeywell removed to federal court pursuant to diversity jurisdiction.

[2] Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision.

employment. Thus, the district court correctly granted summary judgment to Honeywell on Bowman's negligent misrepresentation claim.[3]

Arizona law prohibits an action based on the promissory estoppel theory of liability if there is an express, written contract on the same subject matter. *Chanay v. Chittenden*, 563 P.2d 287, 290 (Ariz. 1977). Here, any promises Honeywell made to Bowman dealt with Bowman's future employment with Honeywell. However, there was an express contract—the employment offer letter—on the subject matter of Bowman's future employment. That contract explicitly stated Bowman's employment was subject to her passing a background investigation. Bowman stated in her deposition that she signed the contract and read and understood all its terms. No reasonable juror could find that there was not an express contract on the subject of Bowman's future employment. Thus, the district

---

[3] The three negligent misrepresentation claims which Bowman brings for the first time on appeal—1) that Honeywell negligently represented that Bowman was "qualified and ready to work"; 2) that Honeywell falsely told Bowman the decision not to hire her had been based on information provided by HireRight; and 3) that Honeywell misrepresented Bowman's right to dispute HireRight's report—are waived. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992). In any event, there is no evidence in the record that any of these statements *were* false—a required element for a negligent misrepresentation claim under Arizona law. Further, the first statement—that Bowman was "qualified and ready to work"—was conditioned on a future event: a (to be given) background check.

court correctly granted summary judgment to Honeywell on Bowman's promissory estoppel claim.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

4